**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT JACKSON,

        Plaintiff,

v.                                                                      Case No. 12-12712

D. THELEN,

        Defendant.

_____/

### OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CIVIL RIGHTS COMPLAINT

The court has before it Plaintiff Robert Jackson's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff, a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, alleges that Defendant D. Thelen, a prison food service supervisor, made a false misconduct report against him which resulted in a misconduct ticket and the loss of his prison kitchen job.[1]  Plaintiff has filed an application to proceed *in forma pauperis,* which the court will grant.  *See* 28 U.S.C. § 1915(a)(1). Having carefully reviewed the complaint, the court finds that it must be summarily dismissed for failure to state a claim upon which relief may be granted.  The court also concludes that an appeal from this decision cannot be taken in good faith.

Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the

---

[1]This case was originally filed in the United States District Court for the Western District of Michigan against Defendant Thelen and the Michigan Department of Corrections.  The Western District dismissed the Michigan Department of Corrections as a defendant and transferred the case to this court.

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2

enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at

555-56 (citations and footnote omitted).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must show

that (1) the defendant is a person who acted under the color of state or federal law and

(2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or

immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v.*

*Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In his complaint, Plaintiff alleges that Defendant Thelen filed a false misconduct

report against him which resulted in a misconduct ticket and the loss of his prison

kitchen job.  False accusations of misconduct filed against an inmate do not constitute a

deprivation of constitutional rights where the charges are adjudicated in a fair hearing.

*See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring);

*Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  Petitioner admits that he had a

hearing on the misconduct charge and that he was found guilty of that charge.

Petitioner has neither alleged nor established that he was denied due process at that

hearing, or otherwise deprived of his constitutional rights.  Consequently, he may not

maintain a § 1983 claim based upon the allegedly false misconduct report.  *See*

*Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005) (citing *McMillan v.*

*Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005); *Cromer v. Dominguez*, 103 F. App'x

570, 573 (6th Cir. 2004)).  Moreover, it is well-settled that a prisoner does not have a

constitutional right to prison employment or to a particular prison job.  *See Newsom v.*

3

*Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003).

Plaintiff's complaint is also subject to dismissal because he does not include a request for relief, a necessary element of stating a proper claim for relief under Rule 8 of the Federal Rules of Civil Procedure.  Accordingly,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that the complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.  The court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    s/Robert H. Cleland             
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner               
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-12712.JACKSON.Dismiss.1915.ctb.jrc.wpd